APRIL L. HOLLINGSWORTH (Bar No. 9391)
ASHLEY LEONARD (Bar No. 14899)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHARLES PAYAN,**<br><br>          Plaintiff,<br><br>vs.<br><br>**UNITED PARCEL SERVICE,** a corporation, and individuals **LISA CERQUEIRA** and **CAROLEE STREEPER,**<br><br>          Defendants. | **COMPLAINT**<br>**(Jury Demand)**<br><br>Case No. 2:15-cv-905<br><br>Judge Robert J. Shelby |

Plaintiff Charles Payan complains and alleges against Defendants United Parcel Service ("UPS"), Lisa Cerqueira, and Carolee Streeper as follows:

### NATURE OF CASE

This is an action for damages due to discrimination in employment by Defendant based on retaliation, in violation of 42 U.S.C. § 1981, as well as for violations of state law.

### PARTIES, JURISDICTION, AND VENUE

1. Payan is an individual residing in Salt Lake County, Utah.

2. a. Defendant UPS is a corporation doing business in Weber County in the state of Utah, and was the employer of Payan in the state of Utah during the relevant time periods.

b. Defendant Lisa Cerqueira is a UPS employee, who currently lives in California.

c. Defendant Carolee Streeper is a UPS employee living in Utah.

3. The unlawful practices alleged herein were committed by Defendants in the state of Utah.

4. This court has jurisdiction over the actions asserted herein pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c), in that Payan and UPS reside and do business in this district and the events giving rise to Payan's claims arose within this district.

## GENERAL ALLEGATIONS

6. Payan is a Hispanic man.

7. He has worked for UPS for over 21 years.

8. Beginning in 2009, he began complaining to UPS Human Resources personnel about race-based discrimination, based on his treatment by his new supervisor, Charles Martinez.

9. Mr. Payan complained directly to UPS Human Resources personnel,

including his Area HR representative Carolee Streeper, and Regional Employee Relations Manager Lisa Cerqueira.  Those individuals did not investigate his complaints.

10. Instead, they left the investigation to the District Human Resources Manager, Carl Wesley, who was also Mr. Martinez's friend and worked in the same office with him.

11. UPS did not adequately investigate Mr. Payan's complaints, and did nothing to stop Mr. Martinez's discriminatory behavior.  Mr. Wesley determined that his friend did nothing wrong with respect to Mr. Payan.

12. UPS allowed Mr. Martinez to continue to mistreat Mr. Payan, and its HR personnel even facilitated a disciplinary action Mr. Martinez took against Mr. Payan by putting him on a Management Performance Improvement Plan ("MPIP") beginning in 2013.  Mr. Payan also was denied a raise in 2013.

13. In 2014, while the MPIP was still pending, Payan filed a lawsuit against UPS and Mr. Martinez, in which he alleged, among other things, that he was subject to discrimination on the basis of race and had been retaliated against for complaining of race discrimination.

14. Subsequently, UPS personnel began trying to find negative information about Mr. Payan from various sources, including the union and his new supervisors, and to foster negative feelings about him among management.

15. In the spring of 2015, one of the drivers came to Mr. Payan and informed him that his time had been changed on his time card, such that he had been shorted on pay.  Mr. Payan determined that one of the supervisors who worked for him had changed

drivers' time cards, and attempted to correct the problem.  Mr. Payan reported what had happened and what he had done to address the problem to his supervisor, Joe Braham.

16. Thereafter, Lisa Cerqueira traveled to Salt Lake City from California to investigate Mr. Payan's conduct related to the time card issues Mr. Payan had already addressed.  By contrast, Ms. Cerqueira had never traveled to Salt Lake (or anywhere) to investigate Mr. Payan's complaints about Mr. Martinez.

17. Pursuant to Ms. Cerqueira's investigation, Mr. Payan was disciplined, ostensibly for violating "the integrity policy", for improper conduct "in time card preparedness and adjustments."

18. There was no credible evidence Mr. Payan did anything wrong, had directed anyone to do anything wrong, or allowed the wrongdoing to continue once he became aware of it.

19. The employee who actually changed the time cards was not disciplined.

20. Mr. Payan, however, was informed he would not get a raise for the year, nor would he receive the annual stock incentive that was part of management compensation.

21. This discipline was proposed by Ms. Streeper, who signed the disciplinary notice to Mr. Payan.

22. Around the same time, Mr. Martinez retired, never having been disciplined for his treatment of Mr. Payan or anyone else.

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of 42 U.S.C. § 1981, against all Defendants)

23. Payan incorporates herein the allegations of the foregoing paragraphs.

24. Payan opposed UPS's discriminatory and retaliatory treatment of him by filing a complaint in federal court.

25. Because of his opposition to discrimination and retaliation, UPS employees searched for negative information to use against Mr. Payan.

26. Ms. Cerqueira conducted an investigation into Mr. Payan intended to find something for which to discipline him.

27. Ms. Streeper proposed, and then carried out, the decision to take away Mr. Payan's raise and stock for the year.

28. The actions of Ms. Cerqueira, Ms. Streeper, and UPS were in retaliation for Mr. Payan engaging in protected activity by suing UPS for discrimination and retaliation.

29. Payan is entitled to recover damages for all his pecuniary losses caused by Defendants' retaliatory acts, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Defendants' unlawful conduct.

30. Defendants' actions described above were done with malice or a reckless indifference to Payan's federally protected right to complain about discrimination and retaliation. Due to the willful and malicious nature of the retaliation against Payan, he is entitled to an award of punitive damages in an amount sufficient to deter the defendants

from engaging in retaliatory conduct in the future.

31. Payan is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

32. Payan is entitled to other such relief as this Court deems appropriate.

**SECOND CAUSE OF ACTION**
**(Breach of Contract, against UPS)**

33. Payan incorporates all preceding paragraphs of this Complaint here as if fully set forth.

34. UPS has a strong no-retaliation policy, both written and verbal, that it requires its employees to adhere to.

35. This policy protects employees from retaliation for making complaints, regardless of the character of those complaints.

36. UPS has allowed and facilitated retaliation against Payan for his complaints, including by investigating him for specious reasons, and taking away his raise and stock, ostensibly for someone else's actions.

37. Because of UPS's breaches of its policies, Payan is entitled to his damages associated with the breaches, including economic and non-economic damages, and attorneys' fees and costs associated with this action.

**THIRD CAUSE OF ACTION**
**(Breach of the Duty of Good Faith and Fair Dealing)**

38. Payan incorporates herein all of the foregoing paragraphs.

39. Under Utah law, a duty of good faith and fair dealing exists in all employment relationships.

40. UPS breached this duty by allowing, and even facilitating, retaliation against Payan after he filed complaints internally and in federal court.

41. UPS's actions and omissions were inconsistent with the agreed common purpose of the parties of supporting the operations of the company, and the justified expectations of Payan that his employer would abide by its own policies.

42. Payan is entitled to all damages flowing from this breach, including his lost wages and future pecuniary losses, as well as his costs and attorneys' fees associated with bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Payan respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a. Back and front pay, and any other pecuniary losses;

b. Compensatory and consequential damages;

c. Punitive damages, in substantial, appropriate, and reasonable amounts;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Attorneys' fees and costs of this action, as appropriate; and

f. Any such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this  23rd  day of December, 2015.

                **HOLLINGSWORTH LAW OFFICE, LLC**
                /s/ April L. Hollingsworth
                April L. Hollingsworth
                Attorney for Plaintiff